IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

NUCLEAR WATCH NEW MEXICO,

        Plaintiff,

v.                                               No. CIV 06-221 BB/WPL

UNITED STATES DEPARTMENT OF ENERGY,
National Nuclear Security Administration,

        Defendant.

MEMORANDUM OPINION
AND
ORDER GRANTING SUMMARY JUDGMENT ON STATUTORY COMPLIANCE

THIS MATTER is before the Court on *Plaintiff's Motion for Summary Judgment* [Doc. 32] and *Defendant's Partial Motion to Dismiss, or in the Alternative, Partial Motion for Summary Judgment* [Doc. 33]. Having reviewed all submissions of counsel and being otherwise duly apprised, the Court finds Plaintiff's motion to be supported by law and it will be Granted, making Defendant's motion Moot.

*Procedural History*

This proceeding is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the release of agency records long withheld from Plaintiff by the Albuquerque Service Center of the National Nuclear Security Administration ("NNSA"), a sub-agency within the United States Department of Energy ("DOE").

NNSA is a semi-autonomous agency within the DOE responsible for enhancing national security through the military application of nuclear energy. In order to carry out its function,

NNSA has eight site offices located at the appropriate Management and Operating Contractors.  The FOIA office in Albuquerque, New Mexico, is responsible for processing FOIA requests for six of these eight site offices and their respective M&O contractors, including all three involved here, *i.e.*, the Los Alamos Site Office and Los Alamos National Laboratory ("LANL"), the Kansas City Site Office and Kansas City Plant, and the Pantex Site Office and Pantex Plant.  A Ten Year Comprehensive Site Plan ("TYCSP") is prepared by each of the sites and is the foundation for strategic planning for the complex, incorporating both of the program's technical requirements and its budget planning.

Nuclear Watch is a Santa Fe project of the Southwest Research and Information Center, a 501(c)(3) nonprofit New Mexico corporation.  Nuclear Watch describes its mission as being "to provide timely and accurate information to the public on nuclear issues in New Mexico, the Southwest, and the Nation.  Through the resulting empowerment of effective citizen action, Nuclear Watch seeks to promote both greater safety and environmental protection at regional nuclear facilities, and federal policy changes that encourage international efforts to curb the proliferation of nuclear weapons."  (Declaration of James J. Coghlan, Exec. Dir., 03/30/07, ¶ 2).  It maintains a website, issues a quarterly newsletter, and broadcasts a bi-weekly program on cable access TV.

Plaintiff's original complaint in this proceeding, which was filed in March of 2006, sought to compel DOE/NNSA to produce records sought in FOIA requests it submitted to the Agency by Plaintiff on December 22, 2004, April 21, 2005, and October 14, 2005.  Those requests sought, in pertinent part, copies of the TYCSPs prepared for LANL for fiscal years 2003, 2004, 2005, and 2006.

*Undisputed Facts*

In December 2004, Plaintiff requested the Site Plans for LANL for 2002-2005.  In an effort to expedite its FOIA request, Nuclear Watch submitted two additional separate FOIA requests to NNSA's Albuquerque Service Center on April 21, 2005, again seeking the TYCSPs prepared for LANL for the years 2004 and 2005.  On October 14, 2005, the FOIA Officer for NNSA sent Nuclear Watch a confirmation that the Agency was still working on the December 2004 FOIA request for the TYCSPs prepared for LANL for the years 2003, 2004, and 2005.[1]

On October 20, 2005, NNSA sent Nuclear Watch a letter which, in pertinent part, stated that the Agency itself had still not "received" copies of the TYCSPs prepared for LANL for the years 2003, 2005, and 2006.  NNSA's letter did, however, reference and include a redacted copy (which excised about 40%) of the TYCSP prepared for LANL for the year 2004.[2]

From the time Nuclear Watch submitted its original December 22, 2004, FOIA request to NNSA, Plaintiff communicated regularly with the Agency's Albuquerque FOIA Officer in an effort to determine when the NNSA would issue the required determination for the years 2003, 2004, 2005, and 2006.  As of the date that the original complaint in this proceeding was filed in March 2006, Plaintiff had not received any notice of any determination from NNSA on its request for any of the four years of TYCSPs for LANL.  These four TYCSPs were finally released to Plaintiff on June 7, 2006, over 17 months after first requested.[3]

---

[1]     Although it's not here material, the 2002 request was withdrawn in November 2005.

[2]     There is a factual dispute as to whether Plaintiff agreed to accept this redacted version in satisfaction of its 2004 FOIA request.

[3]     On December 1, 2005, Nuclear Watch sent an additional FOIA request for information to the NNSA's Albuquerque Service Center for the 2006 TYCSP prepared for NNSA's Kansas City Plant.  On January 4, 2006, Nuclear Watch sent an additional request for information under the FOIA to NNSA's Albuquerque Service Center for NNSA's

### *Legal Standard*

The purpose of a motion for summary judgment is to determine whether there is adequate conflicting evidence to require a trial. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552 (10th Cir. 2001); *In re Grandote Country Club Co., Ltd.*, 252 F.3d 1146 (10th Cir. 2001). Therefore, when confronted with such a motion, the nonmoving party must direct the court to facts which establish the necessity for a trial. *White v. York Int'l Corp.*, 45 F.3d 357 (10th Cir. 1995). Conclusory allegations do not create such an issue of material fact. *L&M Enters., Inc. v. BEI Sensors & Systems Co.*, 231 F.3d 1284 (10th Cir. 2000). Unlike other areas of the law, "FOIA actions usually are resolved via summary judgment motion practice." *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *Lahr v. Nat'l Transp. Safety Bd.*, 453 F. Supp. 2d 1153, 1168 (C.D. Cal. 2006); *Evans v. United States Office of Personnel Management.*, 276 F. Supp. 2d 34, 37 (D.D.C. 2003).

### *The Freedom of Information Act*

The purpose of FOIA is to allow citizens to learn what their government is doing and how it is being done. *DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001); *Herrick v. Garvey*, 298 F.3d 1184, 1189 (10th Cir. 2002). To achieve this end the courts generally interpret FOIA broadly to require disclosure of matters of legitimate public concern. *Klamath Water Users Protective Ass'n*, 532 U.S. at 8; *Dep't of Air Force v. Rose*, 425 U.S. 352,

---

Pantex Plant for the fiscal year 2006. On August 22, 2006, NNSA released a redacted copy of the TYCSP for 2006 for the Pantex Plant. In October 2006, Nuclear Watch submitted four more FOIA requests for TYCSPs for LANL, Kansas City, and the Kansas City Plant. Although not part of the specific claims in the present complaint, Defendant makes no claim that FOIA responses have been provided as of this date.

361 (1976); *Forest Guardians v. United States Dep't of Interior*, 416 F.3d 1173 (10th Cir. 2005); *Audubon Soc. v. United States Forest Serv.*, 104 F.3d 1201 (10th Cir. 1997).

Not only is FOIA designed to foster transparency, it is intended to allow any citizen or group to receive government information "promptly." 5 U.S.C. § 552(a)(3)(A). *See Favish v. Office of Independent Counsel*, 217 F.3d 1168, 1171 (9th Cir. 2000). Once a citizen has requested documents pursuant to FOIA, the governmental agency involved has 20 days to comply or notify the party making the request of a denial. 5 U.S.C. § 552(a)(6)(A)(j). The agency can obtain an extension for up to 10 working days for "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(l).

A bona fide request for production of documents under FOIA must be honored in a timely fashion or the purpose of the Act is vitiated. *Payne Enters. v. United States*, 837 F.2d 486, 494 (D.D.C. 1998); *Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 66 (D.D.C. 2006); *Nishnic v. United States Dep't of Justice*, 671 F. Supp. 776 (D.D.C. 1987). Congress amended FOIA specifically to address "substantial 'foot-dragging' on the part of administrative officials who invoked every conceivable delaying technique and forced citizens requesting information under the FOIA to resort to expensive litigation for vindication of their rights." *Crooker v. United States Dep't of Justice*, 632 F.2d 916, 920 (1st Cir. 1980). "Information is often useful only if it is timely. Thus, excessive delay by the agency in its response is often tantamount to denial. It is the intent of this bill that the affected agencies be require to respond to inquiries and administrative appeals within specific time limits." 1974 U.S. Code Cong. & Admin. News 6271. Indeed, the statutory provisions governing jurisdiction for FOIA cases dictate that they are "to take precedence on the docket over all other cases and

shall be assigned for hearing and trial at the earliest practicable date and expedited in every way."  5 U.S.C. § 552(a)(3); *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 13 (1974).

Defendant argues that although TYCSPs often have cumulative material, "a particular plan may contain sensitive information and the next year the information may not be included." (Def.'s Resp. p. 4).  Therefore, NNSA headquarters decided an extensive multi-tiered review process was appropriate.  Defendant describes the cantilevered winnowing process it devised as follows:

> For the six site offices for which the FOIA Office in Albuquerque is responsible, a TYCSP request is forwarded to the appropriate site office manager.  The site office forwards the request to the M&O contractor to search for the records and identify any potential classified or sensitive information.  The site office manager then makes the determination regarding the releasability of the TYCSP and identifies information to be redacted.  The TYCSP is then sent to the FOIA office in Albuquerque for review to ensure the requested redactions qualify under one or more of the applicable FOIA exemptions, and a draft response letter is prepared.  The draft response letter and documents are reviewed by the NNSA legal office in Albuquerque to assure that the redactions are appropriate under the relevant exemptions.  Upon approval by the NNSA legal office, the FOIA office in Albuquerque then copies and redacts the TYCSP accordingly.  This is the process that was followed to provide the TYCSPs for the LANL, Kansas City Plant, and Pantex Plant.

 (Def.'s Resp. p. 6).

Given this convoluted process, it is not surprising that Plaintiff received its first response more than 17 months after the initial FOIA request.  This makes a mockery of the 20-day target set by the Act and violates congressional intent.[4]  For applicants, "the most

---

[4]    *See Long v. United States IRS*, 693 F.2d 907 (9th Cir. 1982); *Electronic Privacy Information Center v. Dep't of Justice*, 416 F. Supp. 2d 30, 37 (D.D.C. 2006); *American Civil Liberties Union v. Dep't of Defense*, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004); *Natural Resources Defense Council v. Dep't of Energy*, 191 F. Supp. 2d 41 (D.D.C. 2002); *Ettlinger v. FBI*, 596 F. Supp. 867 (D. Mass. 1984); *Hayden v. United States Dep't of Justice*, 413 F. Supp. 1285

significant problems with FOIA processing is delay. FOIA states that agencies shall 'promptly' release records upon request, but this directive has been mocked by lengthy delays in obtaining a response even to simple requests. ... Moreover, delays under the 'request-and-wait' system can be useful to the government to dissuade requests or to postpone unwelcome disclosures when journalists or others seek records on a suspected or emerging scandal." Michael E. Tankersley, *How the Electronic Freedom of Information Act Amendments of 1996 Update Public Access for the Information Age*, 50 Admin. L. Rev. 421, 424-25 (1998).

Defendant offers no rationale for this multi-layered, cross-country process or the inevitable delay it guarantees. Nor does the Government contend that the responses to Plaintiff's claims were in any case timely, it rather argues "[t]he allegations in Plaintiff's amended complaint do not demonstrate that Defendant had a 'pattern and practice of unlawfully withholding agency records.'" (Def.'s Resp. p. 7). It bases this argument on the premise that a review procedure inevitably resulting in lengthy delay must be written before it can be condemned as a "pattern or practice," citing *Public Citizen v. Dep't of State*, 276 F.3d 634, 641-42 (D.C. Cir. 2002), and *Better Government Ass'n v. Dep't of State*, 780 F.2d 86 (D.C. Cir. 1986). This argument is apparently based on Defendant's assumption that a pattern or practice of reviewing FOIA documents cannot be "ripe" until it is published. While the cases cited by Defendant admittedly deal with published procedures, the fact that a citizen's FOIA request is not dealt with in a timely fashion based on an unpublished process of multiple layers of bureaucracy does not insulate it from judicial scrutiny. Indeed, the argument is contrary to both logic and law. A pattern of delays which violates FOIA can be found outside published

(D.D.C. 1976).

guidelines based on a bureaucratic practice of timeless indecision or paper shuffling even when such practices are not officially codified into regulations. *See Payne Enters., Inc v. United States*, 837 F.2d at 491 ("The fact that the practice at issue is informal, rather than articulated in regulations or an official statement of policy, is irrelevant....")[5]; *see also Long v. United States IRS*, 693 F.2d at 910. *Bloomberg, LP v. United States FDA*, — F. Supp. 2d —, 2007 WL 2372394 (S.D.N.Y. 2007). Defendant is also incorrect in asserting "[t]he case law does not apply to the instant situation where the TYCSPs require multiple layers of review and such review necessarily and unavoidably takes time to complete...." (Def.'s Resp. p. 13). *See Electronic Privacy Information Center v. Dep't of Justice*, 416 F. Supp. 2d at 34-38; *Oregon Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237 (D. Or. 2006).

Department of Energy procedure has been held to be in violation of FOIA on analogous facts. On September 8, 1999, individual citizens and the Regional Association of Concerned Environmentalists sent a FOIA request for documents related to receiving, recycling, shipment and disposition of nuclear weapons from the Pantex Plant. (A facility also involved here). On October 2, 1979, the DOE acknowledged receipt of the request and further indicated, as in this case, the request would be dealt with on a first-in, first-out basis. Plaintiffs filed an administrative appeal on the basis the DOE had failed to comply with FOIA's response time requirement of 20 days. The appeal was dismissed and plaintiffs filed suit. In granting plaintiffs a summary judgment, the Court said:

---

[5]     Defendant's attempt to distinguish *Payne* is unavailing. There is little practical difference in the agency in *Payne* automatically denying the citizen's request then divulging it after suit and this Defendant's action of "reviewing" the documents for 17 months and then releasing redacted versions after suit was filed.

In this case, Plaintiffs have already waited two years.  Such delay is clearly inconsistent with the purpose of FOIA.  FOIA is intended to ensure the prompt disclosure of information, not its suppression, *Department of the Air Force v. Rose*, 425 U.S. 352, 361 (1976), and FOIA's exemptions are to be narrowly construed.  *Kuehnert v. FBI*, 620 F.2d 662, 665 (8th Cir. 1980). ...  Moreover, in this case, the Department of Energy admits that its backlog of requests is actually increasing.  *See Declaration of Rothrock, Department of Energy FOIA Officer*, ¶ 26.

Therefore, this Court concludes that § 552(6)(C)'s "exceptional circumstances" provision does not apply in this case.  The Department of Energy has violated the FOIA time limitation and done so without excuse.  Therefore, Plaintiffs are entitled to summary judgment.

*Donham v. United States Dep't of Energy*, 192 F. Supp. 2d 877, 882-83 (S.D. Ill. 2002).

Another court refused to dismiss a similar challenge to the Department of Energy's handling of FOIA requests in *Gilmore v. United States Department of Energy*, 33 F. Supp. 2d 1184 (N.D. Cal. 1998).  In that case Gilmore, a citizen, filed a FOIA request with the DOE on December 8, 1993, requesting access to all agency records on its conferencing technology.  In May the DOE denied the request and in June it denied the plaintiff's appeal.  The court rejected the DOE argument that since Gilmore's request had been properly denied by DOE, the fact that the denial took months rather than the prescribed 20 days, resulted in no damage, saying:

The legislative history, as quoted in the previous section, demonstrates that Congress intentionally set harsh time limits for agencies to respond to FOIA requests because it recognized that information is often useful only if it is timely. H. Rep. No. 876, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6267, 6271. The DOE's failure to process Gilmore's FOIA request in a timely manner was itself an injury – an invasion of a legally protected interest, as defined in *Defenders of Wildlife*, 504 U.S. at 560.  *See also Churchill County v. Babbitt*, 150 F.3d 1072, 1077 (9th Cir. 1998) (quoting *Defenders of Wildlife*, 504 U.S. at 572) (A plaintiff may claim procedural standing when, for example, it seeks to enforce a procedural requirement the disregard of which could impair a concrete interest of [the plaintiff's].).  Congress has made it clear

9

> that a person filing a FOIA request has a concrete interest in prompt processing
> of that request.

**33 F. Supp. 2d 1189.**

While the Court understands the 20-day benchmark in the Act may not be realistic for extensive document requests, the DOE here makes no claim and presents no evidence of "exceptional circumstances."  To the contrary, it regularly reviews and redacts each TYCSP at multiple levels, but contends such practices are not published and therefore immune from FOIA analysis.  However, it is clear the DOE itself is satisfied with a less convoluted procedure since the DOE placed a redacted online version of the LANL 2004 TYCSP long before Plaintiff received its official FOIA response.  *See Electronic Privacy Information Center v. FBI*, 865 F. Supp. 1 (D.D.C. 1994) (release of a summary showed that the FBI had already reviewed documents so no excuse for delay).

## O R D E R

For the above stated reasons, Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's corresponding Motion for Summary Judgment is DENIED as moot.  This order does not close the case, however, as further hearings will be scheduled on Defendant's and Plaintiff's Motions for Summary Judgment on the redactions as well as remedies for this violation of FOIA.

**SO ORDERED this 19ᵗʰ day of September, 2007.**

BRUCE D. BLACK
**United States District Judge**

**For Plaintiff:**
   **Richard J. Mietz, Glorieta, NM**

**For Defendant:**
   **Larry Gomez, Acting U.S. Attorney, Cynthia L. Weisman, Assistant U.S. Attorney,**
   **Pamela Arias-Ortega, Special Assistant U.S. Attorney, Albuquerque, NM**

11